UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HESTER GRADNEY AND COURTLIN GUILLORY** | **:** | **CIVIL ACTION NO.: 2:14cv-01069** |
| **VERSUS** | **:** | **JUDGE TRIMBLE** |
| **DIXIE PARTNERS V, L.P. et al.** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is the Motion to Remand filed by plaintiffs Hester Gradney (hereafter, "Gradney") and her son Courtlin Guillory (hereafter, "Guillory") (hereafter, collectively, "plaintiffs"). Doc. 9. The motion is opposed by defendants Dixie Partners V, LP and Dixie V GP, LLC (hereafter, collectively, "Dixie"). Doc. 9.

For the following reasons, **IT IS ORDERED** that plaintiffs' motion is **DENIED**.

**I. B**ACKGROUND

On May 8, 2014, plaintiffs filed suit in the 14th Judicial District Court in and for Calcasieu Parish, Louisiana. Plaintiffs' petition alleges that Gradney's vehicle collided with an abandoned concrete base in the middle of the parking lot of the Oak Park Square Shopping Center which Dixie owns and operates. Doc. 1, att. 1. The petition seeks damages for the injuries Gradney allegedly sustained as a result of the accident. *Id.* The petition also advances a loss-of-consortium claim seeking damages that Guillory allegedly sustained based on his mother's injuries. *Id.*

Dixie removed the action to this court on May 30, 2014, based on diversity jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy

is over $75,000. *Id.* at 2-3. In support of its amount-in-controversy argument, Dixie points out that the state court petition prays for numerous categories of general and special damages allegedly sustained by Gradney including: (1) severe and irreparable property damage; (2) past, present, and future physical pain; (3) past, present, and future mental and emotional pain; (4) past, present and future suffering and impairment; (5) past and future medical expenses; (6) past and future lost wages; (7) loss of earning capacity; (8) loss of enjoyment of life; and (9) and loss of consortium, services, and society. *Id.* at 4. Dixie also attaches a portion of plaintiff's medical records showing that a doctor interpreted a diagnostic image of Gradney as showing "very small disc bulges and early facet arthropathy along the lumbar spine, with small herniations at L3-4 and L4-5." *Id.* at 4–5; *see also* doc. 1, att. 2. Dixie argues that the character of plaintiff's spinal problem and the treatment she has received for it indicates that the amount in controversy likely exceeds $75,000, despite the fact that Gradney will not require surgery. *Id.* at 5

Plaintiffs now move to remand. Doc. 9. Plaintiffs argue that, although the parties are diverse,[1] Dixie fails to show that the amount in controversy is over $75,000. *Id.* Plaintiffs assert that they made a $50,000 settlement demand on May 8, 2014, and that the amount demanded conclusively establishes that the amount in controversy cannot be met in this case. Doc. 9, att. 1*,* pp. 3–5. Furthermore, plaintiffs argue that Dixie admits the potential general damages range to only be between $50,000.00 and $65,000.00. *Id.* at 3. Finally plaintiffs emphasize that Gradney the accident only aggravated a lumbar disc disease that existed prior to the accident. *Id*. at p. 5. Plaintiffs therefore assert that Gradney's damages will only be based on aggravation of a pre-existing back condition rather than a new back injury. *Id.*

---

[1] The parties do not dispute the existence of complete diversity. Plaintiffs are citizens of Louisiana. Doc. 1, p. 3. Dixie Partners V, LP is a Texas limited partnership, all of whose members are Texas citizens.. *Id.* Dixie Partners V GP, LLC is a Texas limited liability company whose sole member is a citizen of Texas. Doc. 14; *see also* doc. 1, p.2. Accordingly, all plaintiffs are of diverse citizenship from all defendants, and complete diversity is satisfied.

## II. LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper federal district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Id.*

Even if the defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). A plaintiff may meet this burden by filing a pre-removal binding stipulation, or affidavit, affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *Id.* at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). Post-removal affidavits or stipulations do not deprive the district court of jurisdiction, and they are not to be considered in support of remand unless the amount in controversy is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. This is because the amount in controversy is determined on the basis of the record as it exists at the time

of removal. *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).

The court first considers whether it is facially apparent that plaintiff's petition states a claim for damages in excess of $75,000. Here, the petition consists of various categories of Gradney's injuries but does not specify the nature or extent of the underlying physical injury she sustained. Doc. 1, att. 1, p. 2, ¶ 7. Similarly, the petition states that Guillory suffered "loss of consortium, services, and society" as a result of his mother's unspecified injury. *Id.* at ¶ 8. Accordingly, it is not facially apparent from the petition that plaintiffs are seeking damages in excess of the jurisdictional threshold. *See*, *e.g.*, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51 (5th Cir. 1999) (petition which does not adequately describe injuries cannot reveal the amount in controversy on its face); *Saxon v. Thomas*, 2007 WL 1115239 at *2–*3 (W.D. La. 2007) (petition alleging various categories damages, without specifying the nature or extent of the claimed injury, did not on its face reveal the jurisdictional amount).

Nevertheless Dixie has carried its burden of establishing the requisite amount in controversy by a preponderance of the evidence. Dixie has identified a number of medical documents that support this finding. Doc. 1, att. 2. After the alleged accident occurred, Gradney reported suffering from constant pain in her lower back and right leg for which she underwent four months of chiropractic care. *Id*. at 14. She then underwent an MRI, after which she was referred Dr. Clark Gunderson (hereafter, "Dr. Gunderson"), an orthopedic surgeon. *Id.* Dr. Gunderson conducted X-rays of Gradney's spine and assessed that, as a result of the accident, Gradney "sustained a lumbar straining type injury superimposed on lumbar disc disease or has actually sustained small disc herniations." *Id.* Dr. Gunderson referred Gradney to a physical therapist and prescribed medication. *Id.* However, Dr. Gunderson did not anticipate the need for

surgery and referred her to a physical therapist. *Id.* In connection with Dr. Gunderson's referral, plaintiff attended nine sessions with a physical therapist. *Id.* at 17. The physical therapist noted that "the effectiveness of physical therapy in decreasing plaintiff's pain long-term was limited." *Id.*

The medical records support Dixie's assertion that the amount in controversy is present. The extent of medical treatment incurred to date suggests that future medical expenses could be substantial, regardless of whether the injury is characterized as a "new" injury or an aggravation of an existing one. Plaintiffs argue that a generous estimate of general damages is a maximum of $65,000 and that, to date, Gradney's special damages only total $9,754.37 in past medical bills and past lost wages. Doc. 15, p. 2. Plaintiffs' estimate fails to take into account other categories of damages alleged in the petition such as property damage, future medical expenses, future lost wages, and loss of earning capacity. Therefore, the court is persuaded that the damages for Gradney's injury could well exceed $75,000.

Plaintiffs also contend that their $50,000 offer of judgment conclusively establishes that this case is not removable. This argument lacks merit. A plaintiff may prevent removal by filing a binding stipulation or affidavit with his complaint affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *De Aguilar*, 47 F.3d at 1412; *see also* La. Code Civ. Proc. art. 893(A)(1) (providing in pertinent part that no specific amount of damages may be pleaded "except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."). An offer of judgment may be used as evidence in the amount-in-controversy determination, *see, e.g.*, *Norris v. Wal-Mart Stores, Inc.* 2006 WL 1476045 at *2 (W.D. La. 2006), but it does not constitute a binding stipulation or affidavit

sufficient to prevent removal. Accordingly, the offer of judgment (which Dixie did not accept) is not dispositive here.

Based on the totality of the record, Dixie has shown by a preponderance of the evidence that this court may exercise subject matter jurisdiction under 28 U.S.C. § 1332 over Gradney's claims. The court may therefore exercise supplemental jurisdiction over Guillory's loss-of-consortium claim under 28 U.S.C. § 1367.

### III. CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that plaintiffs' motion to remand, [doc. 9] is **DENIED**.

THUS DONE this 8th day of August, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE